IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHARLES JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. |
| | : | **1:02-CV-33 (RLH)** |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Presently pending herein is plaintiff's motion to reopen claim due to new and material evidence (Tab 33).  The undersigned by an order dated April 1, 2003 affirmed the Commissioner's decision finding that plaintiff was not disabled.   Plaintiff filed a notice of appeal to the Eleventh circuit on April 2, 2003, which was subsequently dismissed on July 16, 2003, for plaintiff's failure to prosecute the appeal by failing to file a corrected brief and record excerpts within the applicable time frame.  Plaintiff filed the instant motion to reopen on June 16, 2004.

It appears that the motion is more aptly treated as a motion for relief from judgment or order pursuant to Rule 60 of the Federal Rules of Civil Procedure, which states in pertinent part that clerical mistakes arising from oversight or omission may be corrected at any time.  Section (b) of the Rule provides that mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc... may also be corrected.

Plaintiff makes an interesting but unpersuasive argument that he has been discriminated

against by the Commissioner because of his disability.  The Commissioner asserts that the court has no jurisdiction to entertain plaintiff's motion on the merits absent a colorable constitutional claim.  Califano v. Saunders, 430 U.S. 99, 107-108 (1977).  Plaintiff does not make any claim of constitutional dimensions.

Plaintiff has included a finding that he was subsequently awarded benefits on April 29, 2004, with an onset date of July 25, 2001.  Plaintiff also quotes from the regulations that he is requesting the reopening of his case within the 4 year time period contemplated by 20 C.F.R. § 404.988 (b).  However, those regulations deal with the Social Security Administration and when they will reopen cases for review, and do not contemplate directions for a District Court in a case, such as the one herein, where the case has already been on appeal to the Eleventh Circuit and dismissed for want of prosecution.

Accordingly, the undersigned finds that the district court does not have jurisdiction to review plaintiff's motion to reopen the case on the merits, as the Eleventh Circuit has already dismissed plaintiff's appeal of a final judgment for want of prosecution.  Plaintiff's motion is therefore **DENIED**.

**SO ORDERED**, this 14th day of April, 2006.

        //S Richard L. Hodge
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE

msd